UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYORI GRANGER,

                  Plaintiff,

        -against-

TYRONE A. BLACKBURN,

                  Defendant.

24-CV-4773 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who lives in New Jersey, brings this action *pro se*. She asserts claims against an individual who is an attorney in Brooklyn, Kings County, New York. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant Blackburn is an attorney practicing in Brooklyn, New York, and that she is a friend of someone who had been engaged to marry Blackburn. It appears from documents annexed to the complaint that at some point that Blackburn sent a letter on behalf of Plaintiff to her employer in California. (ECF 1 at 21.) Plaintiff asserts that Blackburn sought information about her from an African shaman in Brooklyn, and that he is mentally unstable and threatening. (*Id.* at 8.) Plaintiff reported Blackburn to the Attorney Grievance Committee in Brooklyn, and to the police in New Jersey.

Plaintiff does not allege facts about where Defendant Blackburn resides, and it is therefore unclear whether venue is proper in this district under Section 1391(b)(1) based on his residence. Plaintiff alleges that the events giving rise to her claims took place outside this district, and venue therefore is not proper in this district under Section 1391(b)(2).

A substantial part of the events giving rise to Plaintiff's claims took place in Brooklyn, which is in Kings County, in the Eastern District of New York. 28 U.S.C. § 112(c). Venue thus is proper under Section 1391(b)(2) in the Eastern District of New York in this Court under Section 1391(b)(2).

Even if a venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum;

(9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. Because Plaintiff does not reside in this district, and the underlying events occurred in Kings County, Plaintiff's choice of forum is entitled to less deference. It is reasonable to expect that witnesses would be in the Eastern District of New York, which appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 17, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge